UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LACEY SIVAK,

    Plaintiff,

v.

WILLIAM A. FLETCHER, et al.,

    Defendants.

Case No. 23-cv-06111-AMO (PR)

**ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN; REOPENING CASE; AND DIRECTING PLAINTIFF TO PAY THE FULL FILING FEE OR FILE A COMPLETED** *IN FORMA PAUPERIS* **APPLICATION**

## I.    INTRODUCTION

This closed federal civil rights action was filed by Lacey Sivak, a state prisoner who is representing himself. On February 6, 2024, the Court concluded that dismissal was required because Sivak failed to submit a timely application for leave to proceed *in forma pauperis* ("IFP") or pay the full filing by the twenty-eight-day deadline as set by the notice sent by the Clerk of the Court on November 24, 2023. Dkt. 13 at 1. Sivak now seeks relief from the February 6, 2024 Order of Dismissal by filing a motion to reopen, which is construed as a motion for relief from an order under Rule 60(b) of the Federal Rules of Civil Procedure. Dkt. 15. For the reasons outlined below, the Court determines that it should be **GRANTED.**

## II.    DISCUSSION

Where the district court's ruling has resulted in a final judgment or order, a party make seek relief from that final judgment or order under Rule 60(b). Rule 60(b) provides that a court may grant the motion where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Sivak contends that he did not receive a copy of the Clerk's November 24, 2023 notice informing him that his action could not go forward until he paid the full filing fee or filed a completed IFP application by the twenty-eight-day deadline. Dkt. 15 at 3-4. As mentioned above, the Court had dismissed this action because Sivak failed to timely respond to the Clerk's November 24, 2023 notice. Dkt. 13. The record now reveals that Sivak's failure to respond to the Clerk's notice was because he *never* received such notice. *See* Dkt. 15 at 3-4. Pursuant to Rule 60(b)(1), the Court finds that such allegations are sufficient to relieve Sivak from its Order dismissing the case, as well as the Judgment entered against him. *See* Fed. R. Civ. P. 60(b)(1).

Accordingly, the pending motion for relief from an order is **GRANTED**. However, before the Court can proceed to review this action, Sivak is hereby **ORDERED** to pay the filing fee in full or to file a completed application to proceed IFP using the enclosed form, as directed below.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Sivak's motion to reopen, which has been construed as a motion for relief from an order, is **GRANTED.** Dkt. 15. The Clerk shall **REOPEN** this action, **VACATE** the Court's February 6, 2024 Order of Dismissal Without Prejudice as well as the Judgment entered against him, and **REINSTATE** the petition for writ of mandamus filed on November 24, 2023.

2. Sivak is **ORDERED** to pay the filing fee in full or to file a completed application to proceed IFP using the enclosed form. Sivak shall do so within **twenty-eight (28) days** of the date of this Order. **Failure to pay the full filing fee or submit a completed IFP application by the twenty-eight-day deadline shall result in the dismissal of this action without prejudice.**

3. The Clerk shall send Sivak a blank prisoner IFP application along with a copy of this Order.

4. This Order terminates Docket No. 15.

**IT IS SO ORDERED.**

Dated: May 31, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

2